**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RACHID BENNANI, | No. 05-73200 |
| Petitioner, | Agency No. A097-356-754 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| RACHID BENNANI, | No. 05-75097 |
| Petitioner, | Agency No. A097-356-754 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petitions for Review of Orders of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted December 8, 2009[]
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Rachid Bennani, a native and citizen of Morocco who is a Christian convert, petitions for review of two Board of Immigration Appeals ("BIA") decisions. The first BIA decision, of April 27, 2005, adopted and affirmed a decision by an Immigration Judge ("IJ") denying Bennani's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In that decision, the BIA held that Bennani's asylum application was time-barred, and that he was ineligible for withholding of removal or CAT protection because he did not face a clear probability of future persecution or torture on the basis of his religion. In the same decision, the BIA also denied a motion to reopen, holding that Bennani had failed to provide fresh evidence of eligibility for the "extraordinary circumstances" exception to the one-year bar on the filing of asylum applications and had failed to show that he received ineffective assistance of counsel during the earlier stages of the proceedings. The second BIA decision, of August 4, 2005, denied Bennani's renewed motion to reopen and reconsider on the same grounds, and further held that even if Bennani were to assert a credible claim to reopen, he

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

would not be eligible for relief because his asylum claim was without merit. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Bennani's petition.

Substantial evidence in the record supports the BIA's holding that Bennani's claims for asylum, withholding of removal, and CAT protection are without merit. Although Bennani did not formally present his asylum case at the hearing before the IJ, he did present evidence regarding his eligibility for withholding of removal and relief under the CAT. Because the showing of persecution required for withholding or CAT relief is greater than that required for asylum, we presume that Bennani presented the IJ with all of the evidence that he would have presented in support of an asylum claim. *See Shire v. Ashcroft*, 388 F.3d 1288, 1295 n.5 (9th Cir. 2004) ("The standard for withholding of removal is more stringent than that for establishing asylum.")

Bennani failed to present any evidence of past persecution or previous mistreatment of any kind. Indeed, he had returned to Morocco without incident on a number of occasions after his conversion to Christianity. Instead of making an individualized showing of potential future persecution, Bennani relies upon generalized assertions about the treatment of Christian converts in Morocco. His claims are, however, controverted by evidence in the record. The 2003 United States Department of State International Religious Freedom report, for example,

3

states that in Morocco "Christian and Jewish communities openly practice their faiths" and that the Moroccan Constitution "provides for the freedom of religion." Although Islam is the state religion, and the state supports Islamic religious practices, the State Department report claims that "private behavior and beliefs are unregulated and unmonitored" and there is a "generally amicable relationship among religions in society." The report suggests that the Moroccan government encourages tolerance and respect among religions. It also states that the King of Morocco is a moderate Muslim who has cracked down on Islamic extremists. There is no evidence in the record of the Moroccan government torturing or otherwise seriously harming individuals who convert from Islam to Christianity, or that such harm or torture is performed by persons or organizations that the Moroccan government is unable or unwilling to control. The BIA's conclusion was thus supported by reasonable, substantial and probative evidence in the record, and a reasonable adjudicator would not be "compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Lopez v. Ashcroft*, 366 F.3d 799, 803 (9th Cir. 2004).

Any errors that the BIA may have made with respect to Bennani's motions to reopen are harmless, because Bennani's new counsel has failed, just as his previous counsel failed, to present any evidence demonstrating his prima facie eligibility for asylum. Even if Bennani was provided with ineffective assistance of

4

counsel during the earlier stages of proceedings, he did not suffer prejudice from his prior counsel's deficient performance. Similarly, even if the BIA erred in denying Bennani's motion to reopen with respect to the one-year filing bar, such error was harmless, because the underlying asylum claim was without merit. *See INS v. Abudu*, 485 U.S. 94, 105 (1988) (holding that where the ultimate relief sought is discretionary, such as asylum, "the BIA may leap ahead . . . over the two threshold concerns . . . and simply determine that even if they were met, the movant would not be entitled to the discretionary grant of relief."). We therefore conclude that the BIA's decision that Bennani is ineligible for asylum, withholding of removal, or CAT protection is supported by substantial evidence, as is its decision to deny Bennani's motions to reopen and reconsider. Accordingly, we deny Bennani's petitions.

**DENIED.**